Clyde C. Branch, alleging that on the 5th day of July 1944, the defendant, J.L. Duke, had told Sam Peters that Branch "was a thief and that he had stolen $25.00 from him" and that said J.L. Duke had left a message with Sam Peters asking Peters to "tell him (Branch) he had better get down here right away with the $25.00 he stole from my house," sued for Five Hundred ($500) Dollars damages itemized as follows: Damage to his good name and reputation, $250; mortification, humiliation and embarrassment as a result of said slanderous statements, $250. Plaintiff alleged that statements of the same import were made to various other persons.
Defendant denied the slander as charged. He set forth in his answer that there was a poker game lasting through the night of July 3-4, 1944, which, at 5:00 a.m., broke up in an argument between Branch and one Kellogg Strong over a wild card; that $25 "pot money" was taken from the table, apparently by Branch, who denied getting the money but left hurriedly; that he, Duke, had advertised Branch's car under a $50 judgment which Branch paid off on August 2, 1944, and that this suit, filed August 24, 1944, was filed for "purely vindicative reasons" because of the previous suit and because Duke had "fired said Branch off of his job several years ago."
On the trial the defendant stood on his denial that the statements were made, rather than on any alleged truthfulness of the offense charged.
The Trial judge found for the plaintiff and from a judgment condemning him to pay One Hundred ($100) Dollars, defendant has appealed. Plaintiff answered the appeal, praying for an increase to Five Hundred ($500) Dollars.
The record includes eighty pages of testimony about the incidents leading up to the making of the statements complained of, as well as other dealings between plaintiff and defendant over a period of years. Plaintiff's principal witness, Sam Peters, testified that the defendant made a statement to him over the telephone requesting Peters to tell Branch to "get over here right away with the twenty five bucks he stole out of my house last night." Emmett Gore testified that he was present on the morning of July 5th along with a man named Strong when plaintiff and defendant discussed the alleged loss of the kitty money in the poker game in which both plaintiff and defendant had participated a night or two previously. He heard Duke tell Branch that "Strong stayed there and cleared himself and that all indications pointed in his *Page 591 
(Branch's) direction. That he (Branch) must have gotten the money." W.L. Palmer did not testify as to a direct accusation but did say that Mr. Duke told him that there was some money missing out of the kitty and that Duke "insinuated that Mr. Branch had gotten it." The same was true of the witness, R.E. Richard. L.P. Sigmund testified that he heard Mr. Duke talk to Mr. Strong and that "he (Mr. Duke) was wanting Mr. Strong as a witness to the fact that Mr. Branch had stolen some money out of the poker kitty."
Mr. Eugene J. Coen, a member of the Shreveport Bar, summoned by plaintiff testified that he saw defendant a few days later and that Mr. Duke told him "that the money was on the table and that Branch grabbed the money and went off with it" and that "Branch knew he was not entitled to make all of that money and that he was taking money that did not belong to him or words to that effect." Defendant sought to destroy the effect of this testimony by introducing Mr. I. Weinstein, an employee of The Shreveport Times, who was over at the Courthouse on the morning the conversation between Mr. Duke and Mr. Coen took place. He testified that he did not hear Mr. Duke tell Mr. Coen that the plaintiff had stolen $25 out of the kitty, but on cross-examination it developed that Mr. Coen and Mr. Duke were already together and talking when the witness walked up and his testimony is not necessarily in conflict with that of Mr. Coen.
Defendant, on the stand, denied making the statements charged and introduced K.L. Strong as a witness to support his denial. The witness, Strong, was present at defendant's house during the poker game on the night of July 3rd. He testified that Mr. Duke, in the shop later, asked him "who I thought got the money." He said further that he told Duke he didn't think the money was missing, that he thought Duke had taken the money out of the kitty himself. This witness denied that defendant accused plaintiff of being the thief, but his testimony indicated that the defendant was discussing his belief that someone "got the money" on the night in question.
[1] A careful study of the record leads to the conclusion that the defendant did make the accusation substantially as alleged.
[2] An award of One Hundred ($100) Dollars would, in some cases, be an insufficient judgment upon proof of slander.
However, under the circumstances in this case we believe it does substantial justice between the parties.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.